Appellant was convicted of night burglary and allotted five years in the penitentiary.
The evidence shows that the door through which the burglar entered was forcibly opened by him. It was securely shut or closed and in the early morning just before day some one entered by forcing open this door. Mrs. Hopkins, owner of the house, called her son and notified him of the fact that some one was in the house, and who ever it was disappeared without taking anything so far as *Page 588 
was discoverable. Search was instituted and tracks were traced of a peculiar kind of the house of appellant. These tracks show that who ever entered the house wore a pair of socks used by soldiers. A description was given. Such pair of socks was found at appellant's residence. There was also a soldier stopping at appellant's residence who was a relative of appellant's wife. He was wearing the uniform of the army at the time. There was a pair of shoes left in the burglarized house. These were shown by circumstances to belong to the wife of appellant, or at least they had a tag from a shoe-repairer in one of them showing that they so belonged. Appellant's house was examined and a lot of stolen goods found, some of which had been taken from this same house on one or more previous occasions. Among others, there was a pair of pants belonging to Mrs. Hopkins' son and a fountain pen.
The court in the general definitions, among other things, stated that a burglarious entry must be by actual breaking. In applying the law he instructed the jury that if appellant entered the house by force, etc., they should convict him. We are of opinion there was no reversible error as contended by appellant in giving this general definition under this record, and in fact, in this case, the facts may be sufficient to show there was an actual breaking. The door was closed and forcibly opened. This was force applied to the building. There may be cases, and sometimes we find there are cases in which this charge should not be given, but it is not error where in fact actual force was applied to the building in securing entrance. Some of the cases in which it might not be proper to give this charge are instanced where the entry is at an unusual place as in Painter v. State, 26 Texas Crim. App., 454, or climbing through an open window as in Alexander v. State, 31 Tex.Crim. Rep.. But that condition does not arise here, and the charge we think was not erroneous under the facts as shown.
Exception was also reserved to the charge because it failed to limit the testimony in regard to the property found at appellant's house and previously taken from Mrs. Hopkins' residence by burglarious entries, his contention being that the court should have limited it to one purpose only, to-wit: the intent in breaking the house. So far as this phase of the case is concerned, it is sufficient answer to state that appellant asked a special charge covering this supposed defect in the court's charge, which was given by the court. This charge requested by appellant limited the effect of this testimony to the intent of the party burglarizing the house. While this charge was rather narrow and restricted, because this properly would have been admissible for other purposes, still appellant does not complain of that, and the court gave a charge to cover what he supposed was a defect in the court's charge. *Page 589 
The circumstances indicate that the soldier who lived at appellant's house may have been the burglar, or connected with it. The court with reference to this charged the jury at the request of appellant, that if they believed Fred Yell, the soldier, committed the burglary, or there was a reasonable doubt of that fact, they would acquit defendant. This was a favorable charge to appellant, and given at his request. Yell and appellant may have been jointly interested in the burglary of the house and both present. If appellant and Yell together entered the house, or acted jointly in getting into the house for burglarious and fraudulent purposes, they would both be guilty; but the charge as given at his request was favorable to him.
Appellant contends the evidence is not sufficient. We are of opinion, however, that he is in error. Quite a lot of stolen property from burglaries was found in his house. Their presence there is unaccounted for. This was sufficiently in his possession we think to call on him for an account why this property was in his house. There is no evidence to the effect that Yell claimed possession and ownership in the property to the exclusion of appellant. While the case is one of circumstantial evidence, yet we think there is enough evidence to show that appellant was connected with this burglary; at least the evidence is sufficient to constitute a prima-facie case to justify the verdict in the absence of any explanation on his part as to how the property came to his house and under his control. He introduced no evidence except that of his wife, who testified that her relative Yell was living with them at the time. Yell was arrested and subsequently discharged from custody. As the record is presented we are of opinion that the verdict of the jury was warranted.
The judgment, therefore, will be affirmed.
Affirmed.
 ON REHEARING. March 10, 1920.